# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN FRANKLIN MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV860 |
| v. | ) | 1:08CR81-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

| | | |
|---|---|---|
| JOHN FRANKLIN MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV1089 |
| v. | ) | 1:08CR96-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Franklin Myers, a federal prisoner with convictions in two cases in this Court, brought a Motion to Vacate, Set Aside, or Correct Sentence [1:08CR81-1, Doc. #30] pursuant to 28 U.S.C. § 2255, as well as a Corrected Motion [1:08CR81-1, Doc. #36], and a separate Motion to Vacate [1:08CR96-1, Doc. #143]. On July 8, 2008, Petitioner was convicted in case 1:08CR81-1 of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and in case 1:08CR96-1 of maliciously damaging and destroying and attempting to damage and destroy, by means of fire and an explosive, a building used in interstate or foreign commerce in violation of 18 U.S.C. § 844(i). Petitioner received concurrent sentences of 91 months

imprisonment to be followed by three years of supervised release. Petitioner later filed his current Motions [1:08CR81-1, Doc. #30; 1:08CR96-1, Doc. #143].

Petitioner raises a single claim for relief in his Motion and Corrected Motion in 1:08CR81-1, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that his conviction under 18 U.S.C. § 922(g)(1) is invalid, because the prior North Carolina state conviction listed in the Indictment was not punishable by more than one year of imprisonment in light of Simmons. The Government filed a Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Indictment in case 1:08CR81-1 would not qualify as a predicate felony conviction in light of Simmons because, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that conviction. Based on this determination, the Government concedes that relief should be granted.

In addition, the Government waives any statute of limitations defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction under § 922(g) should be vacated.[2] In reviewing this matter, the Court notes that the

---

[1] The Court construes this as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 (continued...)

offense listed in the Indictment in 1:08CR81-1 was a Class H felony with a prior record level of III, without any aggravating factors found. The maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in <u>Simmons</u>, was not greater than 12 months. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion and Corrected Motion be granted based on <u>Simmons</u>, that the Amended Judgment in 1:08CR81-1 be vacated, and that the Indictment in that case be dismissed.

Further, in case 1:08CR96-1, Petitioner's Motion states that the § 922(g) conviction affected his sentence. Therefore, he asks that if his § 922(g) conviction is vacated, his sentence in 1:08CR96-1 also be adjusted. In its Responses, the Government concedes that the sentences were calculated and imposed together, and that the existence of the conviction in 1:08CR81-1 affected Petitioner's sentence in 1:08CR96-1. Therefore, the Government also agrees that Petitioner should be resentenced in 1:08CR96-1 due to his conviction in 1:08CR81-1 being vacated. Again based on the parties' agreement, the Court will recommend that the Amended Judgment in 1:08CR96-1 be vacated and that Petitioner be resentenced in that matter.

---

[2](...continued)

U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, <u>Simmons</u> also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #30] and Corrected Motion [Doc. #36] in 1:08CR81-1 be GRANTED, that the Amended Judgment [Doc. #28] in that case be VACATED, and that the Indictment [Doc. #1] in that case be DISMISSED.

IT IS FURTHER RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #143] in case 1:08CR96-1 be GRANTED, that the Amended Judgment [Doc. #114] in that case be VACATED, and that the case be set for resentencing.

This, the 24th day of February, 2014.


_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge